UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
KEVIN JIANG,

                                      Plaintiff,                              Case No.: 1:19-cv-05664-
                          v.                                                  RPK-ST


BRIANA CORPUZ, NYPD DETECTIVE
CAROLYN CELONE, ST JOHNS UNIVERSITY, and
UNIDENTIFIED SECURITY OFFICERS FROM ST
JOHNS PUBLIC SAFETY,

                                      Defendants.
--------------------------------------------------------------------X




**DEFENDANT ST. JOHN'S UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**




HARRINGTON, OCKO & MONK, LLP
*Attorneys for Defendant*
81 Main Street, Suite 215
White Plains, New York 10601
T. (914) 686-4800
F. (914) 686-4824

Date of Service:  February 21, 2020

**Table of Contents**

Table of Authorities ...................................................................................................... ii

Preliminary Statement .................................................................................................. 1

Allegations in the Complaint ....................................................................................... 3

Argument ...................................................................................................................... 4

   I.   Standards Governing Motions to Dismiss ........................................................ 4

   II.   Plaintiff Has Not Stated a Claim Under 42 U.S.C. § 1983 ............................. 5

      a.   Plaintiff Has Not Alleged that the Unnamed Security Officers Acted Pursuant to an Official Policy ............................................................................................ 6

      b.   Plaintiff Has Not Alleged that St. John's Acted Under Color of State Law ............... 7

   III.   Plaintiff Has Not Alleged Facts Sufficient to State Any Claim Against St. John's....... 10

      a.   Plaintiff Has Not Adequately Alleged False Arrest or Imprisonment .......................... 11

      b.   Plaintiff Has Not Adequately Alleged Malicious Prosecution ................................... 14

      c.   Plaintiff Has Not Adequately Alleged Due Process Violations ..................................... 16

Conclusion .................................................................................................................. 17

i

## Table of Authorities

**Cases**

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) ............................................................. 7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................... 5

*Atuahene v. City of Hartford*, 10 Fed. Appx. 33 (2d Cir. 2001) ....................................................... 5

*Bailey v. New York Law School*, 2017 WL 835190 (S.D.N.Y. Mar. 1, 2017) ............................. 10

*Barrett v. Watkins*, 82 A.D.3d 1569 (3d Dep't 2011) .............................................................. 14, 15

*Bess v. City of New York*, 2013 WL 1164919 (S.D.N.Y. Mar. 19, 2013) .................................... 6, 7

*Bornschen v. Herman*, 304 F. Supp. 3d 296 (N.D.N.Y. 2018) ....................................................... 15

*Candelario v. Quality Choice Correctional Healthcare*, 2017 WL 3049553 (S.D.N.Y. July 18,
    2017) ............................................................................................................................. 6, 7

*Caronia v. U.S.*, 2015 WL 4872558 (E.D.N.Y. Aug. 13, 2015) ............................................. 14, 15

*Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365 (E.D.N.Y. 2013) .................................. 11

*Chladek v. Verizon N.Y. Inc.*, 96 Fed. Appx. 19 (2d Cir. 2004) ..................................................... 8

*Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 (S.D.N.Y. 2011) ......................... 11

*Fahie v. Rivera*, 2009 WL 2780144 (S.D.N.Y. Aug. 31, 2009) ..................................................... 8

*Faiaz v. Colgate University*, 64 F. Supp. 3d 336 (N.D.N.Y. Nov. 24, 2014) .......................... 8, 10

*Fletcher v. Walmart Stores, Inc.*, 2006 WL 2521187 (S.D.N.Y. Aug. 28, 2006) ......................... 9

*Fogelman v. Donato*, 111 F. Supp. 3d 282 (E.D.N.Y. 2015) ....................................................... 14

*Friedman v. Self Help Community Services*, 2015 WL 1246538 (E.D.N.Y. March 17, 2015) .... 14

*Ghadersohi v. Roswell Park Institute*, 2011 WL 4572539 (W.D.N.Y. Sept. 30, 2011) ................ 5

*Gonzalez v. Delaware County*, 2017 WL 6001823 (N.D.N.Y. Dec. 4, 2017) ....................... 13, 14

*Guidicci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35 (E.D.N.Y. 2004) ........................................ 9

*Hamilton v. City of New York*, 2017 WL 486936 (E.D.N.Y. Feb. 6, 2017) ................................ 15

*Harrison v. Samaritan Medical Center*, 128 A.D.3d 1469 (4th Dep't 2015) .............................. 16

*Jackson v. Barden*, 2018 WL 340014 (S.D.N.Y. Jan. 8, 2018) .................................................... 7

*Jones v. J.C. Penney's Dep't Stores, Inc.*, 2007 WL 1577758 (W.D.N.Y. May 31, 2007) ........... 9

*Jovanovic v. City of New York*, 486 Fed. Appx. 149 (2d Cir. 2012) ........................................... 16

*King v. Crossland Sav. Bank*, 111 F.3d 251 (2d Cir. 1997) ................................................. 11, 12

*Lee v. Bankers Trust Co.*, 1998 WL 107119 (S.D.N.Y. March 11, 1998) ................................... 11

*Lopez v. City of New York*, 186 F. Supp. 3d 304 (S.D.N.Y. 2016) ............................................... 8

*Lozada v. Weilminster*, 92 F. Supp. 3d 76 (E.D.N.Y. 2015) ....................................................... 13

*Martine's Service Center, Inc. v. Town of Walkill*, 554 Fed. Appx. 32 (2d Cir. 2014) ............... 17

*Masri v. Cruz*, 2019 WL 2388222 (S.D.N.Y. June 6, 2019) .................................................... 8, 9

*McClenic v. County of Nassau*, 2018 WL 6706315 (E.D.N.Y. Dec. 20, 2018) ........................ 6, 7

*McGugan v. Aldana-Bernier*, 752 F.3d 224 (2d Cir. 2014) ......................................................... 8

*Mendonca v. City of Providence*, 170 F. Supp. 3d 290 (D.R.I. 2016) .......................................... 9

*Michaels v. City of New York*, 2011 WL 570125 (S.D.N.Y. Feb. 16, 2011) ................................. 9

*Monell v. Dep't of Social Svcs. of City of New York*, 436 U.S. 658 (1978) ................................. 6

*Moore v. Westchester County*, 2019 WL 3889859 (S.D.N.Y. Aug. 19, 2019) ............................ 15

*Nguyen v. Milliken*, 104 F. Supp. 3d 224 (E.D.N.Y. 2015) .......................................................... 6

*Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299 (E.D.N.Y. 2014) ....................................... 5

*Ortiz v. Parkchester North Condominium*, 2018 WL 2976011 (S.D.N.Y. June 13, 2018) ........ 6, 7

*Ortolaza v. Capitol Region Education Council*, 388 F. Supp. 3d 109 (D. Conn. 2019) ............. 12

*Piccolo v. Singelton*, 2019 WL 4261735 (E.D.N.Y. Sept. 9, 2019) .............................................. 7

*Prowisor v. Bon-Ton, Inc.*, 232 Fed. Appx. 26 (2d Cir. 2007) ..................................................... 8

*Prowisor v. Bon-Ton, Inc.*, 426 F. Supp. 2d 165 (S.D.N.Y. 2006)...............................................8, 9

*Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123 (2d Cir. 1997)......................................................14

*Rice v. City of New York*, 275 F. Supp. 3d 395 (E.D.N.Y. 2017) .................................................13

*Robinson v. FJC Sec.*, 2012 WL 6200420 (E.D.N.Y. Dec. 11, 2012)...........................................8

*Rohman v. New York City Transit Auth.*, 215 F.3d 208 (2d Cir. 2000) .......................................15

*Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406 (2d Cir. 1990)............................................6

*Royster v. Rochdale Village Co-op*, 2008 WL 1787681 (E.D.N.Y. Apr. 17, 2008).......................8

*Stratakos v. Nassau County*, 2016 WL 6902143 (E.D.N.Y. Nov. 23, 2016) ................................5

*Stull v. Lewis and Clark College*, 2013 WL 8844084 (D. Or. May 22, 2013) ............................10

*Traylor v. Hammond*, 94 F. Supp. 3d 203 (D. Conn. 2015) .....................................................9, 10

*White v. Moylan*, 554 F. Supp. 2d 263 (D. Conn. 2008)...............................................................7

## Statutes

42 U.S.C. § 1983 ................................................................................................................ passim

Fed. R. Civ. P. 8(a) ...................................................................................................................4

Defendant St. John's University, sued here as "St Johns University," ("St. John's") respectfully submits this memorandum of law in support of its motion to dismiss all of the claims against it in the Amended Complaint ("Am. Compl.," attached as Exhibit 1 to the accompanying Declaration of Erin Durba ("Durba Decl.")) filed by plaintiff Kevin Jiang ("Plaintiff").

## Preliminary Statement

The Amended Complaint in this action makes clear that Plaintiff's claims, if he has any, are against other defendants, not St. John's or its employees.  Plaintiff alleges that the driver of a car belonging to defendant Briana Corpuz attempted or threatened to strike a pedestrian on St. John's campus.  Plaintiff claims the driver of the car was Ms. Corpuz's boyfriend.  He further claims that, in an effort to protect her boyfriend, Ms. Corpuz lied to both St. John's security personnel and the police, falsely identifying Plaintiff as the driver.  Ms. Corpuz admits in her Answer that she lied to the police and St. John's security personnel.  *See* Def. Corpuz's Ans. (Durba Decl. Ex. 2) at ¶¶ 11, 20.  As a result, Plaintiff was arrested by a detective with the New York City Police Department ("N.Y.P.D.").  The charges against him were later dismissed.

Conspicuously absent from the Amended Complaint are any factual allegations giving rise to a plausible inference that St. John's or its employees engaged in any actionable conduct. Plaintiff alleges that two "unidentified security officers from St. John's public safety" conducted a 20-minute interview of Plaintiff during the course of their investigation of the on-campus incident, which Plaintiff appeared for and participated in voluntarily.  Am. Compl. ¶¶ 9, 21-31. They did not arrest, confine, detain or prosecute Plaintiff; to the contrary, the Amended Complaint expressly alleges that he was arrested by the N.Y.P.D. and prosecuted by the district attorney.  Am. Compl. ¶¶ 31-41.  Plaintiff does not allege any facts suggesting that St. John's security personnel instigated, or otherwise improperly participated in, Plaintiff's arrest or

1

prosecution.  There likewise are no factual allegations in the Amended Complaint to suggest that the St. John's security officers knew that Ms. Corpuz was lying.  Plaintiff nevertheless attempts to assert the same claims against St. John's that he asserts against the other defendants:  false arrest, false imprisonment, malicious prosecution, and due process violations, under both state law and 42 U.S.C. § 1983.

Plaintiff's sparse allegations fail to state any claim against St. John's on which relief can be granted.  As an initial matter, Plaintiff's claims under 42 U.S.C. § 1983 contravene: (a) well-settled law that a private employer cannot be held vicariously liable for the acts of its employees under § 1983, absent allegations, which Plaintiff has not made here, that those acts were committed pursuant to an official policy; and (b) equally well-settled law that private persons cannot be said to act "under color of state law," an essential element of a §1983 claim, except in limited circumstances not applicable here.  Further, Plaintiff has failed to adequately allege facts sufficient to satisfy essential elements of each of his federal and state law claims against St. John's, but instead relies on conclusory recitations of the elements of the causes of action and vague allegations that improperly lump all of the "defendants" together, without attributing any specific, relevant acts to St. John's or its employees.

Simply put, Plaintiff's claim is that Ms. Corpuz lied, and that, as a result, he was wrongfully arrested by the N.Y.P.D. and prosecuted by the district attorney.  These allegations against the other defendants do not give rise to a claim against St. John's.  Plaintiff has utterly failed to allege that St. John's or its employees played any actionable role with respect to Plaintiff's arrest or his prosecution, or violated his rights in any other way.  Accordingly, St. John's respectfully requests that the Court dismiss all of the claims asserted against it in the Amended Complaint.

**Allegations in the Complaint**

St. John's is a private university located in Jamaica, New York.  Am. Compl. ¶ 7.
Plaintiff alleges that, on March 25, 2019, someone driving a car registered to defendant Briana
Corpuz "attempted and/or threatened to hit a pedestrian" on the St. John's campus.  *Id.* at ¶ 12-
13.  Plaintiff alleges that he was a student at St. John's at the time, and that he was an
"acquaintance" of Ms. Corpuz.  *Id.* at ¶¶ 11, 22.  Plaintiff further alleges that, in the course of
investigating the incident, security officers from St. John's public safety office contacted Ms.
Corpuz.  *Id.* at ¶ 20.  Plaintiff alleges, and Ms. Corpuz admits, that she falsely told the security
officers that Plaintiff was driving the vehicle on campus on the day of the incident.  *Id.*; Def.
Corpuz's Ans. ¶¶ 11, 20.  Plaintiff alleges that Ms. Corpuz lied to protect her boyfriend, who was
actually driving the car at the time.  Am. Compl. ¶¶ 12, 13, 17, 27.  Plaintiff does not allege any
facts suggesting that St. John's or the security officers knew Ms. Corpuz's statement was false.

Several days after the incident, a St. John's security officer allegedly contacted Plaintiff
and requested that he schedule an interview at the St. John's public safety office.  Am. Compl. ¶
21.  Plaintiff agreed to do so, and he appeared for the scheduled interview voluntarily on April 4.
*Id.* at ¶¶ 21-22.  He alleges that two unidentified security officers were present for the interview,
which lasted approximately 20 minutes.  *Id.*  at ¶¶ 23-24, 31.  He alleges that the security officers
questioned him about the incident, and that he told the security officers that Ms. Corpuz was
lying about his involvement.  *Id.* at ¶¶ 23, 29.  He does not allege that he was confined,
threatened, or otherwise preventing from leaving the security office during the interview.  The
interview concluded.  *Id.* at ¶ 31.

Plaintiff claims that, ten minutes after the interview concluded, an N.Y.P.D officer,
Detective Celona (also a defendant in this action), "appeared on campus and brought plaintiff to

the 107th Detective Squad."  Am. Compl. ¶ 31.  Plaintiff alleges that Ms. Corpuz gave the same

false statement to the N.Y.P.D. that she gave to the St. John's security officers – *i.e.*, that

Plaintiff was driving her car at the time of the incident.  *Id.* at ¶¶ 20, 37.  Ms. Corpuz admits that

she lied to the N.Y.P.D.  Def. Corpuz's Ans. at ¶ 20.  Plaintiff further alleges that Detective

Celona was aware that Ms. Corpuz had lied to the police in the past, but that he nevertheless

"was arrested on the word of a witness Detective [Celona] knew was unreliable."  Am. Compl.

¶¶ 33-35.

Plaintiff alleges he was charged with felony reckless endangerment, and that the charges

were subsequently reduced to a misdemeanor, and ultimately dismissed "on the motion of the

Queens District Attorney."  Am. Compl. ¶¶ 38-39.  Plaintiff also makes a series of vague and

conclusory assertions that "defendants" forwarded information to prosecutors, "generated

documents" that described Ms. Corpuz's statements, and/or "informed" the District Attorney that

he had committed crimes, but he does not identify any specific information allegedly forwarded

by St. John's or its security officers.  Am. Compl. ¶¶ 62, 73, 78.

Plaintiff asserts claims against St. John's and "unidentified security officers from St.

John's Public Safety" under 42 U.S.C. § 1983, alleging false arrest, malicious prosecution, and

deprivation of due process, and under New York law, claiming false imprisonment and malicious

prosecution.  Am. Compl. ¶¶ 43-79.  He asserts identical claims against Ms. Corpuz and

Detective Celona.  *Id.*

## Argument

### I.      Standards Governing Motions to Dismiss

The standards governing the sufficiency of a complaint under Fed. R. Civ. P. 8(a) are

well-established:  it must contain sufficient "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint will not suffice "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.*  While the court must accept well-pleaded allegations as true, it need not accept legal conclusions, conclusory statements or "threadbare" recitals of the elements of a cause of action.  *See Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 306 (E.D.N.Y. 2014).  Moreover, general, conclusory allegations need not be credited where they are contradicted by the specific, factual allegations in the pleading.  *See Nguyen*, 66 F. Supp. 3d at 306; *Ghadersohi v. Roswell Park Institute*, 2011 WL 4572539, at *2 (W.D.N.Y. Sept. 30, 2011).  Where there are multiple defendants, the complaint must allege sufficient facts to explain how each defendant was involved in the alleged wrongdoing.  *See Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct," complaint failed to state a claim); *Stratakos v. Nassau County*, 2016 WL 6902143, at *7 (E.D.N.Y. Nov. 23, 2016).

As discussed herein, the Amended Complaint fails to meet these standards with respect to the claims asserted against St. John's.  First, as discussed in Section II, *infra*, St. John's is not a proper defendant with respect to any of Plaintiff's claims under 42 U.S.C. § 1983.  Second, as discussed in Section III, *infra*, all of Plaintiff's claims, under both state and federal law, must be dismissed for failure to allege sufficient facts to state a claim on which relief can be granted.

## II.      Plaintiff Has Not Stated a Claim Under 42 U.S.C. § 1983

As a threshold matter, Plaintiff improperly invokes 42 U.S.C. § 1983 against St. John's. It is well-settled that a private employer, such as St. John's, cannot be held vicariously liable for the actions of its employees under § 1983, absent detailed, factual allegations of an official policy, custom or practice that resulted in the plaintiff's injuries – allegations Plaintiff has not

even attempted to make here.  Moreover, Plaintiff has failed to allege any facts establishing that St. John's or its employees acted under color of state law, an essential, jurisdictional element of § 1983.  Each of these arguments is independently sufficient to warrant dismissal of Plaintiff's federal claims.

> ### a.  Plaintiff Has Not Alleged that the Unnamed Security Officers Acted Pursuant to an Official Policy

Claims under 42 U.S.C. § 1983 "generally must be brought against the individuals personally responsible for the alleged deprivation of constitutional rights…"  *Nguyen v. Milliken*, 104 F. Supp. 3d 224, 230 (E.D.N.Y. 2015).  The doctrine of *respondeat superior* does not apply.  *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408-09 (2d Cir. 1990).  Thus, "[p]rivate employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that 'action pursuant to official… *policy* of some nature caused a constitutional tort.'"  *Rojas*, 924 F.2d at 408-09 (internal citations omitted), quoting *Monell v. Dep't of Social Svcs. of City of New York*, 436 U.S. 658, 691 (1978).  Allegations of isolated acts are not sufficient; rather, Plaintiff must allege the existence of some official custom, usage or policy, or a pattern of misconduct that is so persistent and widespread that it is effectively the entity's standard operating procedure.  *See Ortiz v. Parkchester North Condominium*, 2018 WL 2976011, at *5 (S.D.N.Y. June 13, 2018).  At the pleading stage, "a plaintiff must give a factual description of such a policy, not just bald allegations that such a thing existed."  *Bess v. City of New York*, 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013). *See also McClenic v. County of Nassau*, 2018 WL 6706315, at *4 (E.D.N.Y. Dec. 20, 2018) (dismissing § 1983 claim against employer for failure to plead "factual allegations from which the Court may reasonably infer that the conduct or inaction of which plaintiff complains was caused by some policy or custom"); *Candelario v. Quality Choice Correctional Healthcare*, 2017 WL 3049553, at *6 (S.D.N.Y. July

18, 2017) (collecting cases).  Plaintiff also must allege a "causal link" between the entity's official policy, custom or usage and his injuries.  *See Ortiz*, 2018 WL 2976011, at *4-5.

Here, Plaintiff asserts, in conclusory fashion, that St. John's is "vicariously liable" for the conduct of the two unnamed security officers who interviewed him. Am. Compl. ¶ 71, 8.  He fails, however, to even mention any official policy, practice or widespread pattern of misconduct by St. John's that purportedly caused his injuries, much less plead a detailed factual description of one.  The Amended Complaint describes only a single investigation of a single incident. These allegations are insufficient to state a claim against St. John's for the actions of the unnamed security personnel.  *See McClenic*, 2018 WL 6706315, at *4 (dismissing § 1983 claim against employer for failure to plead factual allegations giving rise to an inference that individual defendants acted pursuant to official policy of employer); *Bess*, 2013 WL 1164919, at *2 (dismissing § 1983 claim against private employer where complaint "contains no allegation at all that these employees were acting pursuant to anything like an official policy," and their actions therefore could not be attributed to employer); *White v. Moylan*, 554 F. Supp. 2d 263, 268 (D. Conn. 2008) (dismissing complaint against employer for failure to allege that employees acted pursuant to an official policy or custom).

### b.  Plaintiff Has Not Alleged that St. John's Acted Under Color of State Law

Even assuming St. John's could be held liable for the acts of its employees, Plaintiff's § 1983 claim nevertheless fails because he has not adequately alleged that St. John's, a private institution, or its employees, the unnamed campus security personnel, violated his rights while acting "under color of state law."  42 U.S.C. § 1983.  State action is an essential element of any claim under the statute.  *See, e.g., Piccolo v. Singelton*, 2019 WL 4261735, at *6 (E.D.N.Y. Sept. 9, 2019); *Jackson v. Barden*, 2018 WL 340014, at *13 (S.D.N.Y. Jan. 8, 2018).  Private conduct, "no matter how discriminatory or wrongful," is outside the statute's reach.  *Am. Mfrs. Mut. Ins.*

*Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  Thus, a private person or entity can only be held liable

under § 1983 if the conduct alleged is "fairly attributable" to the state.  *See McGugan v. Aldana-*

*Bernier*, 752 F.3d 224, 229 (2d Cir. 2014).  To satisfy this requirement, the plaintiff must allege

facts sufficient to give rise to an inference that:

> (1) the State compelled the conduct (the "compulsion test"); (b) there is a
> sufficiently close nexus between the State and the private conduct (the "close
> nexus test" or "joint action test"); or (c) the private conduct consisted of activity
> that has traditionally been the exclusive prerogative of the State (the "public
> function test").

*Id.*  Plaintiff must also allege that the state was involved with the specific acts that caused his

alleged injury.  *See Faiaz v. Colgate University*, 64 F. Supp. 3d 336, 348 (N.D.N.Y. Nov. 24,

2014).  At the pleading stage, Plaintiff must base his claim on specific factual allegations; mere

conclusory assertions that the defendant acted under color of state law or acted in concert with

the state do not suffice to state a claim.  *See, e.g. Chladek v. Verizon N.Y. Inc.*, 96 Fed. Appx. 19,

22 (2d Cir. 2004); *Fahie v. Rivera*, 2009 WL 2780144, at *2 (S.D.N.Y. Aug. 31, 2009).

Generally, the acts of private security guards are not considered state action under §

1983.  *See Prowisor v. Bon-Ton, Inc.*, 426 F. Supp. 2d 165, 170 (S.D.N.Y. 2006), *aff'd, Prowisor*

*v. Bon-Ton, Inc.*, 232 Fed. Appx. 26 (2d Cir. 2007).  Private security guards can only be said to

act under color of state law in limited circumstances:  (a) if they are performing an "exclusively

public function delegated to them by the state," *Lopez v. City of New York*, 186 F. Supp. 3d 304,

316 (S.D.N.Y. 2016); or (b) if they "willfully participated in joint activity," with the State, to an

extent sufficient to establish state action, *Masri v. Cruz*, 2019 WL 2388222, at *3-4 (S.D.N.Y.

June 6, 2019).  *See also Robinson v. FJC Sec.*, 2012 WL 6200420, at *2 (E.D.N.Y. Dec. 11,

2012) (private security guards are only state actors if they "are given the authority of state law, or

when the private guards are willful participants in some joint activity of the State or its agents");

*Royster v. Rochdale Village Co-op*, 2008 WL 1787681, at *2 (E.D.N.Y. Apr. 17, 2008).  It is

well-established that general allegations that a private security officer cooperated with the police, called the police, or provided information to the police, who then arrested the plaintiff, are not sufficient to establish that the security officer acted under color of state law. *See, e.g., Masri*, 2019 WL 2388222, at *3-4; *Traylor v. Hammond*, 94 F. Supp. 3d 203, 214 (D. Conn. 2015); *Michaels v. City of New York*, 2011 WL 570125, at *4 (S.D.N.Y. Feb. 16, 2011); *Jones v. J.C. Penney's Dep't Stores, Inc.*, 2007 WL 1577758, at *7 (W.D.N.Y. May 31, 2007); *Fletcher v. Walmart Stores, Inc.*, 2006 WL 2521187, at *3 (S.D.N.Y. Aug. 28, 2006); *Prowisor*, 426 F. Supp. 2d at 170; *Guidicci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 38 (E.D.N.Y. 2004).

Here, Plaintiff has not alleged sufficient facts to satisfy either test. Plaintiff makes the conclusory assertion that the unnamed security officers were "peace officers acting as state actors under color of state law," Am. Compl. ¶ 9, but he fails to set forth any specific facts supporting this assertion. He fails to identify any statutory or other grant of police powers by the state to St. John's or its security personnel, nor does he allege that they exercised any police powers during the course of their interactions with Plaintiff. He alleges only that the security officers conducted a brief, voluntary interview of Plaintiff as part of their investigation into an incident that took place on campus. Am. Compl. ¶¶ 21-22, 31. The St. John's security personnel are not alleged to have searched, arrested or used force against Plaintiff. Accordingly, Plaintiff has not shown that the St. John's security officers were performing a public or police function under the authority of the state. *See Mendonca v. City of Providence*, 170 F. Supp. 3d 290, 297 (D.R.I. 2016) (no state action by campus security officers where plaintiff could not show that the security personnel were operating under a grant of authority from the state).

Plaintiff also fails to allege any joint activity between the security officers and the N.Y.P.D. His allegations that he was arrested shortly after his interview concluded and his

general assertions that "Defendants" provided information to the N.Y.P.D. and prosecutors do not, without more, establish that the security officers acted under color of state law.  Am. Compl. ¶¶ 31, 62, 73, 78.   Indeed, courts in this Circuit and elsewhere have rejected claims against colleges and other educational institutions under similar circumstances.  *See, e.g., Traylor*, 94 F. Supp. 3d at 214 (allegations that campus security guards called the police to have plaintiff arrested and questioned him before the police officer arrived were insufficient to establish that the college was a state actor for purposes of § 1983); *Bailey v. New York Law School*, 2017 WL 835190, at *5 (S.D.N.Y. Mar. 1, 2017) (private law school could not be held liable under § 1983 in the absence of factual allegations of "significant collaboration" between school and police); *Stull v. Lewis and Clark College*, 2013 WL 8844084, at * (D. Or. May 22, 2013) ("The fact that the College Defendants called Portland Police and that [plaintiff] was subsequently arrested is not enough to establish that Defendants were state actors"); *Faiaz*, 64 F. Supp. 3d at 35-51 (university security personnel were not acting under color of state law when conducting internal investigation).

Accordingly, Plaintiff's claims against St. John's under 42 U.S.C. § 1983 must be dismissed.

### III.   Plaintiff Has Not Alleged Facts Sufficient to State Any Claim Against St. John's

Moreover, all of Plaintiff's claims, under both state and federal law, must be dismissed for failure to allege facts sufficient to state claims against St. John's on which relief can be granted.  Simply put, Plaintiff has failed to allege that St. John's arrested or imprisoned him, or instigated his arrest or imprisonment; prosecuted him or caused or participated in his prosecution (maliciously or otherwise); or violated his due process rights in any way.

### a.  Plaintiff Has Not Adequately Alleged False Arrest or Imprisonment

The elements of false arrest/false imprisonment are the same under state and federal law.
Plaintiff must allege that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was
conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the
confinement was not otherwise privileged.  *See Chillemi v. Town of Southampton*, 943 F. Supp.
2d 365, 377 (E.D.N.Y. 2013).  In addition, a false arrest/imprisonment claim requires a *prima
facie* showing of actual confinement or threatening conduct.  *See Copantitla v. Fiskardo
Estiatorio, Inc.*, 788 F. Supp. 2d 253, 294 (S.D.N.Y. 2011); *Lee v. Bankers Trust Co.*, 1998 WL
107119, at *4 (S.D.N.Y. March 11, 1998).  Allegations that a defendant conducted an interview
– even a lengthy one – do not, without more, state a claim for false arrest or imprisonment.  *Id.*

Here, Plaintiff's false arrest and false imprisonment claims fail for the simple reason that
he has not alleged any facts suggesting that he was ever confined by St. John's or its employees.
He alleges that he voluntarily appeared for a 20-minute interview at the public safety office.
Am. Compl. ¶¶ 21-22, 31.  He does not allege that he was held against his will, threatened, or
otherwise prevented from leaving the office.  He alleges that he was not arrested until <u>after</u> the
interview had concluded, and that the arrest was <u>not</u> made by the St. John's security officers, but
by an N.Y.P.D Detective.  Am. Compl. ¶ 31, 36.

Plaintiff also has not alleged facts sufficient to support a claim that St. John's or its
employees procured or instigated his arrest.  "To hold a defendant liable as one who
affirmatively instigated or procured an arrest, a plaintiff must show that the defendant or its
employees did more than merely provide information to the police."  *King v. Crossland Sav.
Bank*, 111 F.3d 251, 257 (2d Cir. 1997).  Identifying a potential suspect, reporting a crime or
furnishing information to the police, who then make their own judgment as to whether to make
an arrest – even if the information later proves erroneous – does not give rise to liability for false

imprisonment.  *Id.  See also Ortolaza v. Capitol Region Education Council*, 388 F. Supp. 3d 109,

120-24 (D. Conn. 2019).  "When police independently act to arrest a suspect on information

provided by a party, that party is not liable for false imprisonment…"  *King*, 111 F.3d at 257.  In

order to sustain a claim for instigating an arrest, a plaintiff must allege facts giving rise to an

inference that the defendant <u>knowingly</u> provided false information to the police with the "intent

of procuring the arrest of an innocent individual," or that the arrest was in furtherance of a "pre-

existing plan or policy" pursuant to which the police disproportionately relied on the word of the

defendant in making the arrest.  *Ortolaza*, 388 F. Supp. 3d at 124 (allegations that defendant

reported threatening email to police and furnished information to police, who then detained

plaintiff, did not state claim for false imprisonment).

Plaintiff has not met either test here.  First, Plaintiff does not allege any facts to suggest

that the St. John's personnel intentionally provided any false information to the N.Y.P.D., or that

they intended to procure his arrest knowing that he was innocent.  The only relevant, false

information described in the Amended Complaint – that Plaintiff was the driver of the car

involved in the incident – is attributed to Ms. Corpuz, not the St. John's security officers.  Am.

Compl. ¶¶ 20, 28, 37.  Indeed, Ms. Corpuz <u>admits</u> that she lied to both the St. John's security

personnel and the N.Y.P.D.  Def. Corpuz's Ans. ¶¶ 11, 20.  Ms. Corpuz, not St. John's, is alleged

to have intentionally procured Plaintiff's arrest in order to protect her boyfriend.  Am. Compl. ¶

27.  Plaintiff does not set forth any facts suggesting the St. John's security personnel knew Ms.

Corpuz's statement was false, or that they knew of, or shared, her intent to procure Plaintiff's

arrest.  To the contrary, Plaintiff alleges that "[a]t no point during the months long prosecution of

plaintiff did Ms. Corpuz correct her fabricated statements to the SJU Security and to the NYPD."

Am. Compl. ¶ 68.  Plaintiff alleges that a St. John's security officer made incorrect statements <u>to</u>

Plaintiff about the contents of a security video during Plaintiff's interview, but he does not allege

that similar statements were made to the N.Y.P.D., or that the N.Y.P.D. relied on the security

officer's description of the video.  Am. Compl. ¶ 25.  To the contrary, Plaintiff alleges that

"defendants" (a term that encompasses Detective Celona) had access to the video itself.  Am.

Compl. ¶ 37.

Second, Plaintiff does not allege any facts suggesting that the N.Y.P.D. failed to exercise

independent judgment or that the St. John's personnel unduly influenced the N.Y.P.D.'s decision

to arrest Plaintiff.  In fact, he alleges the opposite:  that the N.Y.P.D. detective decided to arrest

him "on the word of" Ms. Corpuz; that Ms. Corpuz lied directly to the police (an allegation she

admits, *see* Def. Corpuz's Ans. at ¶¶ 11, 20); and that the N.Y.P.D. detective who took Plaintiff

to the precinct made her own judgment concerning Ms. Corpuz's credibility, deciding to arrest

Plaintiff despite being aware that Ms. Corpuz had lied to police in the past.  Am. Compl. ¶¶ 20,

30, 34-35, 51, 67.  This independent investigation and exercise of judgment by the N.Y.P.D.

detective "severs the causal connection" between St. John's and Plaintiff's arrest.  *See Gonzalez

v. Delaware County*, 2017 WL 6001823, at *8 (N.D.N.Y. Dec. 4, 2017).  *See also Lozada v.

Weilminster*, 92 F. Supp. 3d 76, 91 (E.D.N.Y. 2015) (false arrest claim did not lie against

defendant who provided inaccurate information to police, where police officer had opportunity to

make his own observations and determination about whether arrest was warranted).

In sum, Plaintiff has not alleged facts giving rise to an inference that St. John's or its

employees did anything more than furnish information to the police, who then conducted their

own investigation and independently decided to arrest Plaintiff.  Courts regularly dismiss false

arrest and false imprisonment claims premised on similarly deficient allegations.  *See, e.g., Rice

v. City of New York*, 275 F. Supp. 3d 395, 409 (E.D.N.Y. 2017) (dismissing false arrest claim

where plaintiff alleged only that defendant called the police and provided them with allegedly

erroneous information, and failed to allege that police were not acting independently in deciding

to arrest plaintiff); *Gonzalez v. Delaware County*, 2017 WL 6001823, at *8 (N.D.N.Y. Dec. 4,

2017) (dismissing false arrest claim where plaintiff failed to allege facts suggesting that

defendant fabricated evidence or knowingly provided false information); *Fogelman v. Donato*,

111 F. Supp. 3d 282, 286-87 (E.D.N.Y. 2015) (dismissing false arrest and false imprisonment

claims where plaintiff made only conclusory allegations that defendant made false statements

and instigated arrest, but failed to allege facts concerning defendant's role in the arrest or that

arresting officers were not acting of their own volition); *Friedman v. Self Help Community

Services*, 2015 WL 1246538, at *17 (E.D.N.Y. March 17, 2015) (dismissing false arrest claim

where plaintiff failed to allege facts suggesting defendant knew that the information she provided

to the police, which she had received from others, was false).

Accordingly, Plaintiff's claim under federal law for false arrest and his state law claim

for false imprisonment should be dismissed.

### b.  Plaintiff Has Not Adequately Alleged Malicious Prosecution

Plaintiff's malicious prosecution claims fail for similar reasons.  To state a claim for

malicious prosecution under state or federal law, Plaintiff must allege: (1) that defendant initiated

a prosecution against plaintiff; (2) without probable cause; (3) with malice; and (4) that the

matter terminated in Plaintiff's favor.  *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d

Cir. 1997); *Barrett v. Watkins*, 82 A.D.3d 1569, 1572 (3d Dep't 2011).  The Amended Complaint

fails to allege at least two of these elements against St. John's.

First, for a private individual or entity, like St. John's, to "initiate" a criminal proceeding,

it must have "an active role in the prosecution, such as giving advice or encouragement or

importuning the authorities to act." *Caronia v. U.S.*, 2015 WL 4872558, at *8 (E.D.N.Y. Aug.

14

13, 2015), quoting *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000).

To state a claim, Plaintiff must allege sufficient facts to overcome the "presumption that a

prosecutor exercises his own independent judgment in deciding to prosecute a criminal

defendant." *Hamilton v. City of New York*, 2017 WL 486936, at *4 (E.D.N.Y. Feb. 6, 2017).

"Merely furnishing information to law enforcement authorities, who are then free to exercise

their own judgment as to whether criminal charges should be filed" is not sufficient to give rise

to liability. *See Barrett*, 82 A.D.3d at 1572. *See also Caronia*, 2015 WL 4872558, at *8 (private

party does not initiate a prosecution by merely furnishing information to prosecutors). Even if

the furnished information is allegedly false or erroneous, a plaintiff cannot sustain a malicious

prosecution claim absent allegations that the defendant knew the information was false. *See*

*Bornschen v. Herman*, 304 F. Supp. 3d 296, 302 (N.D.N.Y. 2018).

Here, Plaintiff vaguely alleges that "defendants" "informed the District Attorney that the

plaintiff had committed crimes" and "generated and forwarded documents to the District

Attorney which repeated the false allegations," but he fails to plead any specific, factual

allegations implicating St. John's or its security personnel in any of these activities. Am. Compl.

¶¶ 62, 73. This impermissible "group pleading" is insufficient to state a claim. *See, e.g., Moore*

*v. Westchester County*, 2019 WL 3889859, at *5 (S.D.N.Y. Aug. 19, 2019). Moreover, the

specific, factual allegations in the Amended Complaint attribute the relevant false information –

that Plaintiff was driving the car involved in the on-campus incident – to Ms. Corpuz. Plaintiff

further alleges that Ms. Corpuz "cooperated and played an active role" in the prosecution, and

never corrected or retracted her allegedly false statements. Am. Compl. ¶¶ 40, 67-69. In

contrast, Plaintiff fails to allege facts suggesting that any St. John's employee knowingly

forwarded false information to prosecutors; that any St. John's employee encouraged or

importuned prosecutors to act, or influenced or participated in the prosecution in any other way; or that the prosecutors failed to exercise their own, independent judgment in deciding to prosecute Plaintiff.

Second, Plaintiff has not alleged any facts giving rise to an inference that St. John's or its officers acted with malice.  To do so, Plaintiff must plead that St. John's acted with "a wrong or improper motive, something other than a desire to see the ends of justice served," or with "awareness of conscious falsity."  *See Harrison v. Samaritan Medical Center*, 128 A.D.3d 1469, 1471 (4th Dep't 2015).  Plaintiff alleges, in conclusory fashion, that "defendants" acted with malice, Am. Compl. ¶ 60, 72, but his sparse factual allegations against St. John's and its security personnel fail to ascribe any motive or intent to them whatsoever, and, as discussed above, fail to demonstrate that they knew that the information they provided to the police or prosecutors was false.

Accordingly, Plaintiff's malicious prosecution claims should be dismissed.

### c.  Plaintiff Has Not Adequately Alleged Due Process Violations

Finally, Plaintiff alleges a due process violation "via denial of his right to a fair trial" and "deprivation of liberty without due process."  Am. Compl. ¶ 77.  Plaintiff's claim appears to be premised on allegations of fabricated evidence.  To sustain this claim, Plaintiff must allege that (1) an investigating official; (2) fabricated evidence; (3) that was likely to influence a jury's decision; (4) forwarded that information to prosecutors; and (5) Plaintiff suffered a loss of liberty as a result.  *See Jovanovic v. City of New York*, 486 Fed. Appx. 149, 152 (2d Cir. 2012).  Plaintiff recites these elements in a series of conclusory paragraphs, many of which fail to differentiate among the defendants, and fails to support this litany with any actual facts.  Am. Compl. ¶¶ 76-80.  For example, he vaguely alleges "Detective Celona, and Unidentified Security Officers from St Johns Public Safety," purportedly "created false information" and "caused information to be

16

forwarded" to the District Attorney.  Am. Compl. ¶ 77.  Plaintiff does not set forth any specific

factual allegations anywhere in the Amended Complaint identifying the purportedly fabricated

evidence, attributing any relevant false information to St. John's or its security personnel (as

opposed to Ms. Corpuz), suggesting that St. John's or its security officers knew any information

they forwarded was false, or describing how this unspecified, purportedly false information

impacted his prosecution.  Plaintiff thus has failed to meet the minimum pleading requirements

with respect to his claim for due process violations against St. John's.  *See Martine's Service

Center, Inc. v. Town of Walkill*, 554 Fed. Appx. 32, 35-36 (2d Cir. 2014) (complaint that relies

on recitals of the elements of a cause of action, supported only by conclusory assertions, does not

state a claim on which relief can be granted).

 Accordingly, Plaintiff's due process claim must be dismissed.

**Conclusion**

 Because St. John's is not a proper defendant under 42 U.S.C. § 1983, and because

Plaintiff has failed to allege any facts suggesting that St. John's, or any of its employees, violated

his rights or committed any other tortious or wrongful acts against him under state or federal law,

St. John's respectfully requests that the Court dismiss all of the claims against it.

Dated: White Plains, New York
   February 21, 2020

      HARRINGTON, OCKO, & MONK, LLP

    By:   */s/ Erin Durba*      
      Glenn A. Monk
      Erin Durba
      *Attorneys for Defendant,*
      ST. JOHN'S UNIVERSITY s/h/a
      ST JOHNS UNIVERSITY
      81 Main Street, Suite 215
      White Plains, NY 10601
      (914) 686-4800
      gmonk@homlegal.com

edurba@homlegal.com


TO:     Counsel of Record (via ECF)