

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**LADONNA S. SANDFORD**
*Senior Counsel*
phone: (212) 356-3156
fax: (212) 356-3509
lsandfor@law.nyc.gov

August 9, 2021

**BY ECF**
Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Kevin Jiang v. Briana Corpuz, et al.,
             19-CV-05664 (RPK) (ST)

Your Honor:

     I am the Senior Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to defend New York City Police Department ("NYPD") Detectives Carolyn Celona and Robert Alartosky ("Defendants") in the above-referenced matter. Defendants write to respectfully request a pre-motion conference for their anticipated motion for summary judgment.

### I.    Factual Background

     Plaintiff brings this action against Defendants Celona and Alartosky, pursuant to 42 U.S.C. § 1983, alleging that he was falsely arrested, maliciously prosecuted, and denied the right to a fair trial, for an incident that occurred on March 25, 2019 at the St. John's University Campus following a report from a victim that he was almost hit by a car on campus. *See* Docket Entry No. 68. St. John's University Public Safety Office obtained surveillance footage and determined that the vehicle was registered to Defendant Briana Corpuz. *Id*. Defendant Corpuz, the owner of the car and a friend of plaintiff, contacted plaintiff and informed him she was going to be creating a false story that she had loaned plaintiff her car on that same date, when in fact her boyfriend who was banned from the campus had been driving. *Id*. Plaintiff denies acquiescence to this story. *Id*. Defendant Corpuz was contacted by a member of the NYPD, and told the officer that Plaintiff was driving her car. *Id*.

     Defendant Alartosky was thereafter assigned to investigate the incident and assembled a photo array, including a photograph of plaintiff obtained from motor vehicle records— which was presented to the victim. After viewing the photo array, the victim identified plaintiff as the person who tried to hit him with the car on March 25, 2019. *Id*. On April 4, 2019, plaintiff was arrested by Defendant Celona and subsequently prosecuted for New York Penal Law § 120.20, Reckless

Endangerment in the Second Degree. *Id*. On or about July 11, 2019, the criminal charges brought against plaintiff were dismissed on motion of the Queens County District Attorney's Office pursuant to New York Criminal Procedure Law § 30.30 (*i.e.* speedy trial provisions). *Id*.

## II. Defendants' Motion for Summary Judgment

Defendants are entitled to summary judgment on all of plaintiff's claims against them. The undisputed material facts in this case support a finding that the plaintiff's arrest and prosecution was supported by probable cause based on a positive identification by the complaining victim. In the alternative, Defendants Celona and Alartosky are entitled to qualified immunity.

### A. There Was Probable Cause for Plaintiff's Arrest and Prosecution

An officer may make a warrantless arrest "where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *see also United States* v. *Watson*, 423 U.S. 411, 417-424 (1976). Probable cause requires only a probability, not an actual showing, of criminal activity. *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). Furthermore, probable cause exists—as a matter of law—when an officer receives a complaint from a purported victim or eyewitness to a crime. *See Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001); *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("We have previously held that police officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed."). Absent some circumstance that created doubt as to the veracity of the complaining witness, probable cause will not dissipate. *See Curley*, 268 F.3d at 69-70 (affirming district court's grant of summary judgment on defendant's false arrest claim because statements from an alleged victim established probable cause); *Stokes v. City of New York*, 05-cv-0007 (JFB) (MDG), 2007 U.S. Dist. LEXIS 32787, at *5 (E.D.N.Y. May 3, 2007).

In this case it is undisputed that the victim of the crime identified plaintiff in a photo array, thereby establishing probable cause for the arrest and prosecution of plaintiff.

### B. Plaintiff's Denial of Right to a Fair Trial Fails

Plaintiff's claim for denial of right to a fair trial (*i.e.* "fabrication of evidence") against Defendants Celona and Alartosky is predicated on an alleged unduly suggestive photo array. However, an alleged unduly suggestive photo array does not automatically give rise to a viable cause of action, since the photo array was never admitted into evidence at a criminal trial for plaintiff. *See Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007) ("A suggestive identification procedure alone is not a constitutional violation."); *see also Thompson v. City of New York*, 603 F. Supp. 2d 650, 658 (S.D.N.Y. 2009) (finding "a constitutional violation occurs only if tainted evidence produced in an unlawful identification procedure is introduced at trial").

Furthermore, to prevail on a fabrication of evidence claim, a plaintiff must show that "an (1) investigating official (2) fabricates information (3) of a material nature that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016)); *see also Ganek v. Leibowitz*, 874 F.3d 73, 91 (2d Cir. 2017). Additionally,

the Supreme Court and Courts in this Circuit have held that the additional element of favorable termination is both "relevant and required" for a denial of the right to a due process claim. *See McDonough v. Smith*, 139 S. Ct. 2149, 2160 (2019); *Smalls v. Collins*, No. 14-cv-02326 (CBA), 2020 U.S. Dist. LEXIS 52213 at *8 (E.D.N.Y. Mar. 13, 2020). Crucially, a termination on speedy trial grounds is not a favorable termination. *Jamison v. Cavada*, No. 17-CV-1764 (LTS) (SDA), 2020 U.S. Dist. LEXIS 103899 at *4-5 (S.D.N.Y. June 10, 2020) ("…because a dismissal on speedy trial grounds does not affirmatively indicate that Plaintiff was innocent of the charges, Plaintiff cannot demonstrate that the proceedings were terminated in his favor. Thus, *McDonough* compels the conclusion that Plaintiff '[cannot] bring his fabricated-evidence claim under § 1983.' Accordingly, Defendant's motion for reconsideration is granted and, upon reconsideration, summary judgment of Plaintiff's denial of the right to a fair trial claim is granted.") (internal citations omitted).

There is no record evidence to support plaintiff's claim that he was denied a right to a fair trial particularly since the photo identification procedure at issue was not used in a criminal trial. In addition, plaintiff did not receive a favorable termination of his underlying criminal matter when it was dismissed for speedy trial purposes.[1]

C. Defendants Are Entitled to Qualified Immunity

At a minimum, Defendants Celona and Alartosky are entitled to qualified immunity for their actions. "As governmental officials performing a discretionary function, police officers are entitled to qualified immunity, which shields them from civil damages and liability, so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Universal Calvary Church v. City of New York*, 96 Civ. 4606 (RPP) and related Group A-1 cases, 2000 U.S. Dist. LEXIS 15153, at *29-30 (S.D.N.Y. Oct. 13, 2000) (internal quotations omitted) (citing *Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2d Cir. 1997)); *see Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). In this case, it was reasonable for Defendants to believe that plaintiff was the perpetrator of the alleged crime, when the complaining victim identified him as the same. Thus, they are entitled to qualified immunity.

Defendants thank the Court for its time and attention to this matter.

Respectfully submitted,

LaDonna S. Sandford
*Senior Counsel*
Special Federal Litigation Division

cc:   VIA ECF
      All Counsel of Record

---

[1] Plaintiff's malicious prosecution claim also fails for this reason as well.