# Law Firm of Steven M. Warshawsky
www.warshawskylawfirm.com

100 South Bedford Road, Suite 340　　　　　　　　　　　　　　　　　　　　　　　　Tel: (914) 514-2329
Mount Kisco, New York 10549　　　　　　　　　　　　　　　　　　　Email: smw@warshawskylawfirm.com

August 9, 2021

**VIA ELECTRONIC CASE FILING**
Hon. Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
(718) 613-2450

　　　　　　Re:　　Kevin Jiang v. Briana Corpuz, et al.
　　　　　　　　　　19-CV-5664 (RPK) (ST) (EDNY)

Dear Judge Kovner:

　　　　I represent Defendant Briana Corpuz in the above-referenced Section 1983 action, in which Plaintiff alleges that he was wrongly arrested and prosecuted for the crime of reckless driving on the St. John's University campus. My client is a civilian defendant who is being sued for false arrest and malicious prosecution under state tort law, on the grounds that she falsely informed the police that Plaintiff, and not her boyfriend, was the person driving the car in question. The Court is familiar with this case through its prior decision dismissing St. John's University as a defendant. *See Jiang v. Corpuz et al.*, 2020 WL 5517237 (E.D.N.Y. Sept. 13, 2020). This is Defendant Corpuz's premotion letter in anticipation of making a motion for summary judgment with respect to both claims against her.

　　　　**Factual Summary**

　　　　All the parties to this case agree that Plaintiff Kevin Jiang was arrested for an alleged crime he did not commit. The alleged crime was committed by Ms. Corpuz's former boyfriend (legally they are married but they no longer are in a relationship), Song Hun "Peter" Kim. On March 25, 2019, Mr. Kim was driving Ms. Corpuz's car on the campus of St. John's University in Queens, New York, when he allegedly accelerated and swerved the car towards a pedestrian, a student named Robert Distasio. The incident occurred while Ms. Corpuz was in class. It is undisputed that Ms. Corpuz did not know about the incident. Mr. Distasio made a complaint to campus security, who retrieved surveillance video of the incident and contacted the NYPD. Ms. Corpuz was connected to the car via the license plate.

　　　　Later that evening NYPD Officer Christopher Conaghan telephoned Ms. Corpuz, who answered and had a brief conversation with the officer, which she recorded. Officer Conaghan told Ms. Corpuz that "your car had an incident earlier at the St. John's campus," but he would not tell her what happened and he asked her to come speak with them (which she never did). Ms. Corpuz believed that the "incident" was her boyfriend being seen driving on campus when he was not allowed to be because

he was on suspension for a previous incident (allegedly making a violent threat against the college on Instagram).  Consequently, to protect her boyfriend, when asked by Officer Conaghan "Who dropped you off at class?  Who was driving your car?" Mr. Corpuz answered "My friend Kevin" and gave Plaintiff's name.  At some point, Ms. Corpuz called Plaintiff and asked him to say that he was the person driving her car that day, not Mr. Kim.  Although it is disputed whether or not Plaintiff agreed to this ruse, it is undisputed that the purpose of the ruse was to protect Mr. Kim for being on campus when he was not supposed to be.  In any event, Defendant Corpuz admits that she lied to Officer Conaghan when she said that Plaintiff was the person driving her car that day.  She repeated this lie in a text conversation with Officer Conaghan a short time later.  These communications with Officer Conaghan were the only communications Ms. Corpuz had with anyone in authority about the incident.  She had no further communications with the NYPD, campus security, or the District Attorney's Office.  She had no involvement whatsoever in Plaintiff's arrest on April 4, 2019, or his subsequent prosecution.  All of this is undisputed.

Despite plaintiff counsel's vigorous efforts during discovery to show that Ms. Corpuz knew about the reckless driving incident when she named Plaintiff as the person driving her car, there is no evidence that supports this rank speculation.  No evidence from Ms. Corpuz, from campus security, or from the NYPD.  Furthermore, there is no evidence that supports any "motive" that Ms. Corpuz had to falsely implicate Plaintiff in a crime.  Both parties agree that prior to this incident, they were on friendly terms with no animosity or grudges between them.  Quite simply, Ms. Corpuz was trying to protect her boyfriend, with very unfortunate consequences to Plaintiff – which were not foreseen, wished for, or intended by Ms. Corpuz. Indeed, Ms. Corpuz did not learn that Plaintiff had been arrested and prosecuted until she was served with the complaint in this action, which is also when she learned about the alleged reckless driving incident.

**Argument Summary**

Defendant Corpuz is entitled to summary judgment with respect to both claims against her.  She is entitled to summary judgment on the false arrest claim because the undisputed evidence shows that she neither confined or intended to confine Plaintiff nor affirmatively procured or instigated Plaintiff's arrest.  *See King v. Crossland Savs. Bank*, 111 F.3d 251, 256 (2d Cir. 1997).  Likewise, she is entitled to summary judgment on the malicious prosecution claim because the undisputed evidence shows that she did not "play[] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act."  *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 198 (2d Cir. 2014).  Indeed, she played no role.  Other than her brief communications with Officer Conaghan on March 25 – in which all she said was that Kevin Jiang was the person driving her car that day – Ms. Corpuz had no contact with anyone involved in Plaintiff's arrest and prosecution.  The undisputed evidence shows that the police and prosecutors at all times were acting independently and of their own volition.

Perhaps most importantly, the undisputed evidence shows that Plaintiff was arrested and prosecuted *based on a positive identification by the victim (Mr. Distasio) during a photo lineup.*  The arresting officer, Defendant Det. Carolyn Celona, testified that she would not have arrested Plaintiff without the positive identification.  This testimony is undisputed.  Accordingly, although the false information that Ms. Corpuz supplied to Officer Conaghan may have been a but-for cause of Plaintiff's arrest and prosecution (another point that plaintiff counsel vigorously pursued during discovery), it was not the proximate cause.  The positive identification by the victim (who does not know Mr. Jiang, Ms. Corpuz, or Mr. Kim) was the proximate cause of Plaintiff's arrest and prosecution.  *See, e.g., Morrison v. City of New York*, No. 14-CV-4508 (MKB), 2019 WL 175121, at *10 (E.D.N.Y. Jan. 10, 2019)

(discussing causation principles, citing cases). Although Plaintiff contends that the photo lineup was unduly suggestive and violated his rights, this does not change the fact that the positive identification broke the legal chain of proximate cause with respect to Ms. Corpuz. (On Plaintiff's theory, he would not have been identified by Mr. Distasio – but then, per Det. Celona, he would not have been arrested. Either way, the photo lineup was the superseding proximate cause of Plaintiff's arrest and prosecution.)

Importantly, false arrest and malicious prosecution are *intentional* torts. Ms. Corpuz's actions in this case may have been negligent, but there is no evidence that she intended for Plaintiff – who prior to the incident was a friend of hers – to be arrested and prosecuted. *See King*, *supra*. Likewise, there is no evidence that Ms. Corpuz acted with malice towards Plaintiff. *See Stampf*, *supra*. Simply lying to the police under the circumstances presented here is not enough for a reasonable jury to find in Plaintiff's favor on these claims, especially given the superseding photo lineup. Consequently, as a matter of law Ms. Corpuz cannot be held liable under New York tort law for what happened in this case, and the claims against her should be dismissed.

Respectfully submitted,

*Steven M. Warshawsky*

Steven M. Warshawsky (SW5431)

3