The Law Office of Fred Lichtmacher P.C.
116 West 23rd Street Suite 500
New York, New York 10011
(212) 922-9066
empirestatt@aol.com

August 18, 2021

Hon. Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
**Via ECF**

Re: <u>Jiang v. Corpuz et al.</u>, 19-cv-05664 (RPK) (ST)

Your Honor:

I represent the plaintiff in the above entitled matter. I write to oppose Defendants' arguments and assertions offered in support of their anticipated motions for summary judgement.

**Legal Standard:**

Summary judgment is proper only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the instant matter, Defendants fail to establish either element of the statutory requirement to obtain the relief they seek.

A. Defendants fail to establish grounds for probable cause and qualified immunity

While it is correct that "[a]s with a false arrest claim, the existence of probable cause is a complete defense to a claim of malicious prosecution. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). Diop v City of NY, 50 F Supp 3d 411, 421 [SDNY 2014], in the instant matter the identification upon which Defendants' assertion of probable cause rests was unnecessarily blatantly suggestive, and thus there existed no probable cause for Plaintiff's arrest and subsequent prosecution.

It is well established that an evaluation of the " constitutionality of the pretrial identification procedures is a mixed question of law and fact." <u>Sumner v Mata</u>, 455 US 591. This examination evaluates "whether the picture of the accused . . . so stood out from all the other photographs as to suggest to an identifying witness that [the accused] was more likely to be the culprit." <u>Jarrett v. Headley</u>, 802 F.2d 34, 41 (2d Cir. 1986) (internal citations and quotation marks omitted).

In the instant matter, the complaining witness gave unambiguous testimony that the starkly contrasting white background and top row center placement of Plaintiff's photo were the sole basis for his identification. Crucially, the law provides a safety feature for instances such as this in that, "[i]f the identification procedure was unduly suggestive, the identification evidence is admissible nonetheless if it is 'independently reliable.'" (*United States v Gonzalez*, 2011 US Dist LEXIS 18624, at *6 [EDNY Feb. 23, 2011, No. 09 CR 718 (SJ) (MDG)]).

As a result, the evaluation of a witness' confidence in an identification from a photo array and thus its reliability, is known as a "Confidence Statement" and is a requirement with its own section on NYPD's photo array documentation and forms. This statement was not completed after the complaining witness' identification, a matter made all the more critical by his own admission that he had not clearly seen the perpetrator's face at any time. As such, Defendants fail to establish probable cause based on R.D.'s identification.

The construction of the photo array, and the failure to complete the "Confidence Statement," given the complaining witness' statement that he had not seen the perpetrator's face also create a factual basis to infer that Defendants' did not, in fact, believe at any time that Plaintiff was in fact the perpetrator. Rather, the facts suggest the Police Officer Defendants acted in a manner intended to effectuate the arrest of Plaintiff and close the case based on nothing more than the statements of a suspect in the crime, by means of the suggestive identification process. As such, the argument for summary judgement based on qualified immunity fails, and sufficient facts exist that require the matter move forward.

B. Plaintiff has sufficient facts to support a determination of favorable termination

While the Second Circuit has not arrived at a clear determination as to whether dismissal on the grounds of failure to provide a speedy trial constitutes a favorable termination, ample case law exists to argue that it does. Courts have held that the Lannning Court held only that "'where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, it cannot provide the favorable termination required as the basis for that claim.' As other courts in the district have recognized, the Lanning standard does not automatically preclude speedy trial dismissals as constituting favorable termination." Snead v LoBianco, 2021 US Dist LEXIS 42903, at *5-6 [SDNY Mar. 8, 2021, No. 16-cv-09528 (AJN)]. Thus, at the summary judgement stage, "a factual finding that the Plaintiff's speedy trial dismissal was not a determination of her innocence is required in order to resolve this claim." Snead v LoBianco, 2021 US Dist LEXIS 42903, at *6 [SDNY Mar. 8, 2021, No. 16-cv-09528 (AJN)]. As such, given the facts in dispute as to the Defendants' reasonable and genuine belief in Plaintiff's culpability as they sent charging and other documents to the DA's office, Plaintiff's claims must be allowed to move forward.

C. The claims against Defendant Corpuz must be allowed to move forward

The testimony of every witness and party, including Defendant Corpuz herself, establish facts sufficient to demonstrate that she knowingly and maliciously, over a period of time played

an active role in prosecuting the plaintiff, and that she similarly withheld the information that the plaintiff was in fact not the driver of her car on March 25, 2019.

      Based on the forgoing, Plaintiff respectfully requests that the Defendants' requests for a conference in anticipation of a summary judgement be denied.

                                                     Respectfully submitted,

                                                     /s/
                                                 Fred Lichtmacher

cc:    All counsel of record via ECF