Docket No.: 19-CV-05664 (RPK)(ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEVIN JIANG,

Plaintiff,

-against-

BRIANA CORPUZ,
NYPD DETECTIVE CAROLYN CELONA,
NYPD DETECTIVE ALARTOSKY,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CELONA'S AND ALARTOSKY'S MOTION FOR SUMMARY JUDGMENT**

*GEORGIA M. PESTANA*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Bilal Haider*
*Tel: (212) 356-3549*
*Matter No. 2019-078155*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ..................................................................................... 2

STANDARD OF REVIEW .................................................................................... 3

ARGUMENT .......................................................................................................... 4

    POINT I ................................................................................................... 4

        PLAINTIFF'S    FALSE    ARREST    AND MALICIOUS PROSECUTION CLAIMS FAIL ....................................... 4

        A. Plaintiff's False Arrest Claim Fails Because There Was Probable Cause to Arrest Plaintiff Based on the Positive Identification by a Complaining Victim. ........................................................ 5

        B. Plaintiff's Malicious Prosecution Claim Fails Because There Was Probable Cause to Prosecute Plaintiff ................................................................ 6

        C. Plaintiff's Malicious Prosecution Claim Also Fails Because the Criminal Charges Against Plaintiff Were Not Terminated in Plaintiff's Favor. ....................................................................... 7

    POINT II .................................................................................................. 8

        PLAINTIFF'S DENIAL OF RIGHT TO FAIR TRIAL CLAIM FAILS............................................................................. 8

    POINT III ........................................................**Error! Bookmark not defined.**

        DEFENDANTS CELONA AND ALARTOSKY ARE ENTITLED TO QUALIFIED IMMUNITY ................................... 10

        A. Defendants Celona and Alartosky Are Entitled to Qualified Immunity With Respect To Plaintiff's False Arrest and Malicious Prosecution Claims. ........................................................ 11

B.  Defendants Celona and Alartosky Are Entitled to Qualified Immunity With Respect To Plaintiff's Denial of of a Right to Fair Trial Claim............................................................................12

CONCLUSION...........................................................................................................14

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Pages**

Anderson v. Creighton,
    483 U.S. 635 (1987) ................................................................................................10

Bernard v. United States,
    25 F.3d 98 (2d Cir. 1994) ....................................................................................5-6

Connecticut ex rel. Blumenthal v. Crotty,
    346 F.3d 84 (2d Cir. 2003) ..................................................................................12

Bradway v. Gonzales,
    26 F.3d 313 (2d Cir. 1994) ..................................................................................10

Brown v. New York,
    459 N.Y.S.2d 589 (1st Dep't 1983) .......................................................................6

Burns v. Citarella,
    443 F. Supp. 2d 464 (S.D.N.Y. 2006) .................................................................11

Cantalino v. Danner,
    96 N.Y.2d 391, 754 N.E.2d 164,
    729 N.Y.S.2d 405 (2001)........................................................................................7

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ..............................................................................................4

Colon v. City of New York,
    468 N.Y.S.2d 453 (1983)........................................................................................6

Crowder v. Valley Police Dep't,
    05 Civ. 8429 (CM)(LMS), 2006 U.S. Dist. LEXIS 117850,
    2006 WL 8462064 (S.D.N.Y. May 18, 2006) .....................................................11

Cunningham v. City of New York,
    2007 U.S. Dist. LEXIS 69801 (S.D.N.Y. Sept. 18, 2007) ....................................5

Delamota v. City of New York,
    14-CV-5888 (NG), 2016 U.S. Dist. LEXIS 68130
    (E.D.N.Y. May 23, 2016) .......................................................................................9

Eastman Kodak Co. v. Image Tech. Servs., Inc.,
    504 U.S. 451 (1992) ..............................................................................................3

Echevarria-Perez v. Burge,
    779 F.Supp. 2d 326 (W.D.N.Y. 2011) ..................................................................9

**Cases**                                                                                    **Pages**

Escalera v. Lunn,
   361 F.3d 737 (2d Cir. 2004) ............................................................................. 11

Garnett v. Undercover Officer C0039,
   838 F.3d 265 (2d Cir. 2016) ............................................................................. 8

Hill v. Melvin,
   2006 U.S. Dist. LEXIS 43006 (S.D.N.Y. 2006) ................................................. 5

Jamison v. Cavada,
   17-CV-1764 (LTS)(STA),
   2020 U.S. Dist. LEXIS 210411 (S.D.N.Y. Dec. 5, 2019) ................................... 8

Jaramillo v. Weyerhaeuser Co.,
   536 F.3d 140 (2d Cir. 2008) ............................................................................. 4

Jocks v. Tavernier,
   316 F.3d 128 (2d Cir. 2003) .......................................................................... 5, 8

Johnson v. Constantellis,
   221 Fed. Appx. 48 (2d Cir. 2007) ..................................................................... 6

Lanning v. City of Glens Falls,
   908 F.3d 19 (2d Cir. 2018) ............................................................................... 7

Lynch v. Ackley,
   811 F.3d 569 (2d Cir. 2016) ........................................................................... 10

Malley v. Briggs,
   475 U.S. 335 (1986) ......................................................................................... 11

Manganiello v. City of New York,
   612 F.3d 149 (2d Cir. 2010) .......................................................................... 6, 7

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
   475 U.S. 574 (1986) ........................................................................................... 4

Oblio v. City Univ. of N.Y.,
   2003 U.S. Dist. LEXIS 2886 (E.D.N.Y. 2003) ................................................. 10

Panetta v. Crowley,
   460 F.3d 388 (2d Cir. 2006) ............................................................................. 5

Pearson v. Callahan,
   555 U.S. 223 (2009) ......................................................................................... 10

**Cases** **Pages**

Raspardo v. Carlone,
   770 F.3d 97 (2d Cir. 2014) ......................................................................................10

Ricciuti v. New York City Transit Auth.,
   124 F.3d 123 (2d Cir. 1997) ......................................................................................8

Roger v. Cty. of Suffolk,
   13-CV-5290 (JS)(ARL),
   2020 U.S. Dist. LEXIS 75594 (E.D.N.Y. April 29, 2020)......................................7

Rothstein v. Carriere,
   373 F.3d 275 (2d Cir. 2004) ......................................................................................5

Rounsville v. Zahl,
   13 F.3d 625 (2d Cir. 1994) ........................................................................................6

Ruggiero v. City of Cortland,
   17-CV-790, 2018 U.S. Dist. LEXIS 193841
   (N.D.N.Y. Nov. 14, 2018) ........................................................................................7

Saucier v. Katz,
   533 U.S. 194 (2001) ................................................................................................11

Savino v. City of New York,
   331 F.3d 63 (2d Cir. 2003) ...................................................................................5, 6

Scott v. Harris,
   550 U.S. 372 (2007) ..................................................................................................4

Singer v. Fulton Cnty. Sheriff,
   63 F.3d 110 (2d Cir. 1995) ........................................................................................4

Singleton v. New York,
   632 F.2d 185 (2d Cir. 1980) ......................................................................................7

Walczyk v. Rio,
   496 F.3d 139 (2d Cir. 2007) ...............................................................................11-12

Weyant v. Okst,
   101 F.3d 845 (2d Cir. 1996) ......................................................................................4

White v. Fischer,
   2010 U.S. Dist. LEXIS 15492 (N.D.N.Y. Jan. 25, 2012) ......................................11

Wieder v. City of New York,
   569 F. App'x 28 (2d Cir. 2014) .................................................................................5

**Cases**                                                                          **Pages**

Winn v. McQuillan,
    03 Civ. 2210 (VM), 390 F. Supp.2d 385 (S.D.N.Y. 2005) ......................................5

Wray v. City of New York,
    490 F.3d 189 (2d Cir. 2007) ...........................................................................9

Zahrey v. Coffey,
    221 F.3d 342 (2d Cir. 2000) ...........................................................................8

**Statutes**

42 U.S.C. § 1983 ...............................................................................................1, 4, 7, 8

Fed. R. Civ. P. 56 ..................................................................................................3, 13

Fed. R. Civ. P. 56(c) ...............................................................................................1, 4

Local Civil Rule 56.1 ..................................................................................................2

New York Criminal Procedure Law § 30.30 ...........................................................3, 7, 9

New York Penal Law § 120.20 .......................................................................................3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- x

KEVIN JIANG,

                                Plaintiff,           19-CV-05664 (RPK)(ST)

               -against-

BRIANA CORPUZ,
NYPD DETECTIVE CAROLYN CELONA,
NYPD DETECTIVE ALARTOSKY,
                           Defendants.

--------------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

        Defendants, Carolyn Celona S/H/A NYPD DETECTIVE CAROLYN CELONA

("defendant Celona"), and Robert Alartosky S/H/A NYPD DETECTIVE ALARTOSKY

("defendant Alartosky") by their attorney, Georgia M. Pestana, Corporation Counsel of the City

of New York, respectfully submit this memorandum of law in support of their motion for

summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

        Plaintiff, Kevin Jiang ("Plaintiff") brings this action against Defendants Celona

and Alartosky, pursuant to 42 U.S.C. § 1983, alleging that he was falsely arrested, maliciously

prosecuted, and denied the right to a fair trial, for an incident that occurred on March 25, 2019 at

the St. John's University Campus following a report from a victim that he was almost hit by a car

on campus; and Plaintiff's subsequent arrest and prosecution on April 4, 2019.

        Defendants Celona and Alartosky are entitled to summary judgment for the

following reasons: (1) there was probable cause for Plaintiff's arrest based on the positive

identification of Plaintiff in a photo array by the complaining victim; (2) his denial of right to fair

trial claims fails because the alleged unduly suggestive photo array was not forwarded to a jury in a criminal trial; and (3) Defendants Celona and Alartosky are entitled to qualified immunity with respect to the false arrest, malicious prosecution and denial of right to fair trial claims brought against them.

## STATEMENT OF FACTS

For a complete statement of facts assumed to be undisputed for purposes of this motion only, the Court is respectfully referred to Defendants Celona's and Alartosky's Local Civil Rule 56.1 Statement of Undisputed Facts, (herein after "56.1"), dated September 20, 2021, which is submitted concurrently herewith. A brief recitation of the salient undisputed facts is set forth herein for the Court's consideration.

On March 26, 2019, Robert Distasio ("the Complaining Victim"), reported to the St. John's University Public Safety Office that, while he was walking on campus, a small white car with New York State License Plate No. JEM3529 drove toward him at a high rate of speed and almost hit him. (See 56.1, at ¶ 1.) The Complaining Victim described the driver of the vehicle as an Asian male. (Id. at ¶ 2.) The St. John's University Public Safety Office learned that the vehicle's license plate was registered to a student named Briana Corpuz ("Corpuz") and notified the New York City Police Department ("NYPD"). (Id. at ¶¶ 3, 4.) NYPD Police Officer Christopher Conaghan ("Officer Conaghan") contacted Corpuz to inquire about who was driving her car on campus on that date, and Corpuz informed Officer Conaghan that Kevin Jiang ("Plaintiff") was driving her car. (Id. at ¶ 5.) Plaintiff is a Chinese American male in his twenties. (Id. at ¶ 8.)

Detective Robert Alartosky ("Defendant Alartosky"), of the NYPD's 107th Precinct Detective Squad ("Det. Squad") was assigned to investigate the incident. (Id. at ¶ 9.) Defendant Alartosky interviewed the Complaining Victim, and had no reason to doubt the

truthfulness of his statements. (Id. at ¶ 11.) Defendant Alartosky obtained a photograph of Plaintiff from the New York State Department of Motor Vehicles ("DMV") and used that DMV photograph of Plaintiff to assemble a photo array of six possible suspects, all Asian males appearing to be in their twenties. (Id. at ¶¶ 12, 13.) Defendant Alartoksy asked a colleague, Detective Shawn Johnston ("Detective Johnston"), to show the photo array to the Complaining Victim. (Id. at ¶ 14.) Detective Johnston read the instructions to the Complaining Victim and indicated, among other things to, "[p]ay no attention to any markings that may appear on the photos or any other difference in the type or style of the photographs." (Id. at ¶ 15.) The Complaining Victim signed the report indicating that the instructions were read to him and identified Plaintiff, in spot number two, as the male who tried to run him over with his vehicle on March 26, 2019. (Id. at ¶¶ 16, 17.) Based on the identification of Plaintiff by the Complaining Victim, Defendant Alartosky initiated an I-Card for Plaintiff's arrest. (Id. at ¶ 18.)

On April 4, 2019, Detective Carolyn Celona ("Defendant Celona") arrested Plaintiff on St. John's University Campus. (Id. at ¶ 19.) The Queens County District Attorney's Office charged Plaintiff with violating New York Penal Law § 120.20, Reckless Endangerment in the Second Degree. (Id. at ¶ 20.) On July 11, 2019, the criminal charges brought against Plaintiff were dismissed on motion of the Queens County District Attorney's Office pursuant to New York Criminal Procedure Law § 30.30 (*i.e.* speedy trial provisions). (Id. at ¶ 21.)

## STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, no genuine issue of material fact exists. Fed. R. Civ. P. 56; Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 456 (1992). The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case…since a complete failure of proof concerning an essential element of the nonmoving party's

case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The non-moving party must present admissible evidence sufficient to raise a genuine issue of material fact for trial. <u>Jaramillo v. Weyerhaeuser Co.</u>, 536 F.3d 140, 145 (2d Cir. 2008) (citations omitted). Indeed, the non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). However, the non-moving party may not "rest upon the mere allegations or denials of his pleading." <u>Celotex</u>, 477 U.S. at 322. Rather, the non-moving party must "cit[e] to particular parts of the materials in the record to show that a fact is generally disputed." Fed. R. Civ. P. 56(c); <u>Matsushita</u>, 475 U.S. at 587. While the evidence must be viewed in the light most favorable to the non-moving party, when there is reliable objective evidence, the evidence may speak for itself. <u>Scott v. Harris</u>, 550 U.S. 372, 378-81 (2007).

## ARGUMENT

### POINT I

### PLAINTIFF'S FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS FAIL

In the Second Circuit, probable cause is a complete defense to a constitutional claim of false arrest. <u>Singer v. Fulton Cnty. Sheriff</u>, 63 F.3d 110, 118 (2d Cir. 1995). Accordingly, "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted); <u>see also</u> <u>Singer</u>, 63 F.3d at 118 ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause").

Additionally, claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 "are 'substantially the same' as claims for . . . malicious prosecution under New York state

law." Hill v. Melvin, 2006 U.S. Dist. LEXIS 43006, *49-50 (S.D.N.Y. 2006) (quoting Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) (citing Winn v. McQuillan, 03 Civ. 2210 (VM), 390 F. Supp.2d 385, 390 (S.D.N.Y. 2005)) (citing Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003)); Cunningham v. City of New York, 2007 U.S. Dist. LEXIS  69801, at **12 (S.D.N.Y. Sept. 18, 2007)("[t]he only additional element for a federal action for malicious prosecution, not necessary for a state action, is a deprivation of liberty consistent with the concept of seizure"). "To state a claim for malicious prosecution under New York law, the plaintiff must show: (1) the defendant initiated a criminal proceeding; (2) the proceeding terminated in plaintiff's favor; (3) there was no probable cause for the criminal charge; and (4) the defendant acted maliciously." Hill v. Melvin, 2006 U.S. Dist. LEXIS 43006, at *50 (quoting Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004) (internal quotation marks omitted). Plaintiff has the burden of proving all of the elements of this claim. See Rothstein, 373 F.3d at 282.

A.    **Plaintiff's False Arrest Claim Fails Because There Was Probable Cause to Arrest Plaintiff Based on the Positive Identification by a Complaining Victim.**

Probable cause for plaintiff's arrest was established by the Complaining Victim's positive identification of him in a photo array.  "'It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness.'" Wieder v. City of New York, 569 F. App'x 28, 29 (2d Cir. 2014) (quoting Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006)). Furthermore, "Because an unequivocal identification of a suspect received by police from a victim or eyewitness can provide probable cause, then, assuming the information . . . relied upon was wrong, probable cause exists even where it is based upon mistaken information, so long as the arresting officer was reasonable in relying on that information." Bernard v. United States, 25 F.3d 98, 103 (2d

Cir. 1994) (quoting <u>Colon v. City of New York</u>, 468 N.Y.S.2d 453, 455-56 (1983)).

Plaintiff was arrested after the Complaining Victim identified him in a photo array. (<u>See</u> 56.1, at ¶¶ 17, 18, 19.)  The officers had no reason to doubt the veracity of the Complaining Victim, and relied on his identification of Plaintiff as the person who tried to hit him with a car. (<u>Id.</u> at ¶¶ 11, 17.)  Therefore, probable cause was established, and Plaintiff's false arrest claim fails.

**B.     Plaintiff's Malicious Prosecution Claim Fails Because There Was Probable Cause to Prosecute.**

"[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York . . . ."  <u>Manganiello v. City of New York</u>, 612 F.3d 149, 161-62 (2d Cir. 2010) (first alteration in original) (quoting <u>Savino</u>, 331 F.3d at 72) (internal quotation marks omitted).[1]  When evaluating whether there was probable cause to initiate a prosecution, the Court must evaluate the information that existed at the time when the prosecution was initiated. <u>See</u> <u>Rounsville v. Zahl</u>, 13 F.3d 625, 630 (2d Cir. 1994).  "Probable cause does not require a 'certitude' that a crime has been committed by a suspect.  Rather, a malicious prosecution connotes a decision to proceed maliciously with the prosecution of an individual where probable cause is clearly lacking." <u>Brown v. New York</u>, 459 N.Y.S.2d 589, 591 (1st Dep't 1983). "If probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined by the discovery of some intervening fact." <u>Johnson v. Constantellis</u>, 221 Fed. Appx. 48, 50 (2d Cir. 2007) (internal quotations omitted).

There was, without question, probable cause to prosecute Plaintiff.  Probable cause was established by the Complaining Victim's identification of Plaintiff to members of the

---

[1] Defendants reserve the right to argue that plaintiff cannot satisfy the remaining prongs of malicious prosecution at any point.

New York City Police Department in a photo array as the male who tried hit him with a car. (See 56.1 at ¶ 17.)  Since the existence of probable cause is a complete defense to a claim for malicious prosecution, this claim must be dismissed. Manganiello, 612 F.3d at 161-62.

**C.    Plaintiff's Malicious Prosecution Claim Also Fails Because the Criminal Charges Against Plaintiff Were Not Terminated in His Favor.**

Plaintiff's malicious prosecution claims also fails because the criminal charges against Plaintiff did not result in a favorable termination. The Second Circuit has held that "a plaintiff asserting a malicious prosecution claim under § 1983 must still show that the underlying criminal proceeding ended in a manner that *affirmatively indicates his innocence*." Lanning v. City of Glens Falls, 908 F.3d 19, 22 (2d Cir. 2018)(emphasis added).[2]  When a plaintiff's innocence or guilt is left open by the termination of his criminal charges, a malicious prosecution claim must fail. Id. at 26, citing Singleton v. New York, 632 F.2d 185, 195 (2d Cir. 1980).  This is because, "a prosecution based on probable cause which results in no indication of innocence does not deprive the [accused] of civil rights within the meaning of § 1983." Id., quoting Singleton, 632 F.2d at 195 (quotations omitted); accord Ruggiero v. City of Cortland, 17-CV-790, 2018 U.S. Dist. LEXIS 193841, at *35 (N.D.N.Y. Nov. 14, 2018).

Plaintiff's criminal case was dismissed on motion of the Queens County District's Attorney's Office pursuant to New York Criminal Procedure Law ("CPL") § 30.30 (*i.e.* speedy trial grounds), (see 56.1, at ¶ 21,) which is not a favorable termination. Roger v. Cty. of Suffolk, 13-CV-5290 (JS)(ARL), 2020 U.S. Dist. LEXIS 75594 at *4 (E.D.N.Y. April 29, 2020) ("This

---

[2] In Lanning, the Second Circuit emphasized that it "never" applied the state court favorable termination standard—i.e. that "any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused"— to a § 1983 claim. Lanning, 908 F.3d 19, 22 (2d Cir. 2018), at 27. Cf. Cantalino v. Danner, 96 N.Y.2d 391, 754 N.E.2d 164, 729 N.Y.S.2d 405 (2001).

Court agrees with the line of cases holding that a speedy trial dismissal is not a favorable termination because it 'does not affirmatively indicate [Plaintiff's] innocence, as required under Section 1983.'") (citing Jamison v. Cavada, 17-CV-1764 (LTS)(STA), 2020 U.S. Dist. LEXIS 210411, at *13 (S.D.N.Y. Dec. 5, 2019)).  As such, Plaintiff's malicious prosecution claim must be dismissed.

## POINT II

## PLAINTIFF'S DENIAL OF RIGHT TO FAIR TRIAL CLAIM FAILS

A denial of right to fair trial claim (*i.e.* fabrication of evidence) comes about when "a police officer creates false information likely to influence a jury's decision and [then] forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983."  Ricciuti v. New York City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997); accord Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003); see also Zahrey v. Coffey, 221 F.3d 342, 355-56 (2d Cir. 2000) (recognizing long-established right against use of false evidence by governmental officials to obtain a conviction). Indeed, to prevail on a fabrication of evidence claim, a plaintiff must show that "an (1) investigating official (2) fabricates information (3) of a material nature that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016).

"Lineups may be unduly suggestive where 'the defendant is the only participant who meets the particular description of the perpetrator given by eyewitnesses,' federal law does not mandate 'total uniformity of appearance.'" Alonge v. Chappius, 12-CV-542 (KAM), 2019 U.S. Dist. LEXIS 65529 at *19 (E.D.N.Y. April 15, 2019) (citing Piper v. Portuondo, 82 F.

App'x 51, 52 (2d Cir. 2003).  In addition, even if the photo array was unduly suggestive – which it was not – "[a] constitutional violation occurs when an unduly suggestive identification is admitted at trial and, as a result, impairs a defendant's right to a fair trial." Delamota v. City of New York, 14-CV-5888 (NG), 2016 U.S. Dist. LEXIS 68130 at *14 (E.D.N.Y. May 23, 2016) (citing Wray v. City of New York, 490 F.3d 189, 193 (2d Cir. 2007)).

        Plaintiff's denial of right to fair trial claim, predicated on an allegedly unduly suggestive photo array in that the background color of plaintiff's photo, which was obtained from the New York State Department of Motor Vehicle, had a lighter background than the other photos, is not plausible.  First, there was nothing suggestive about the array.  Here, the photo array was assembled by Detective Alartowsky after the Complaining Victim informed him that assailant was an Asian male. (See 56.1, at ¶ 2, 13.)  Plaintiff is a Chinese American male in his twenties. (Id. at ¶ 8.)  The photo array in which Plaintiff was identified by the Complaining Victim consisted of six Asian males (five fillers in addition to plaintiff) appearing to be in their twenties. (Id. at ¶ 13.)  When the photo array was administered by Detective Johnston he read instructions to the Complaining Victim, which indicated, among other things, "[p]ay no attention to any markings that may appear on the photos or any other difference in the type or style of the photographs." (Id. at ¶ 15.)  The Complaining Victim then signed the document, indicating that the instructions were read to him. (Id. at ¶ 16.)  Therefore, even if Plaintiff's photo had a lighter background, it cannot be said to be unduly suggestive – amounting to fabrication of evidence – when the suspects looked similar, and the Complaining Victim was told to ignore any difference in the type or style of the photograph. See Echevarria-Perez v. Burge, 779 F.Supp. 2d 326, 335-336 (W.D.N.Y. 2011) (Court held photo array not suggestive even though petitioner's face appeared before a different background color than the fillers).

Plaintiff's fair trial claim also fails because the photo array was not used at a trial. In fact, Plaintiff's criminal case was dismissed on motion of the Queens County District Attorney's Office pursuant to New York New York Criminal Procedure Law § 30.30 (*i.e.* speedy trial provisions), therefore the photo array was never admitted at trial. (<u>Id.</u> at ¶ 21.) Accordingly, Plaintiff denial of right to fair trial claim fails and should be dismissed.

**POINT III**

**DEFENDANTS CELONA AND ALARTOSKY
<u>ARE ENTITLED TO QUALIFIED IMMUNITY</u>**

The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." <u>Bradway v. Gonzales</u>, 26 F.3d 313, 317-18 (2d Cir. 1994) (internal citations and quotations omitted).

Qualified immunity is immunity from suit rather than just a defense to liability. <u>See, e.g.</u>, <u>Lynch v. Ackley</u>, 811 F.3d 569, 576 (2d Cir. 2016) (<u>citing</u> <u>Pearson v. Callahan</u>, 555 U.S. 223, 231 (2009)). The doctrine of qualified immunity "protects federal and state officials from . . . unnecessary and burdensome discovery or trial proceedings." <u>Raspardo v. Carlone</u>, 770 F.3d 97, 111 (2d Cir. 2014). Therefore, it is necessary that "qualified immunity questions be resolved at the earliest possible stage of litigation" to satisfy the goal of the doctrine. <u>Oblio v. City Univ. of N.Y.</u>, 2003 U.S. Dist. LEXIS 2886, at *32 (E.D.N.Y. 2003). The application of qualified immunity is important since it is inevitable that "officials will, in some cases, reasonably but mistakenly [take actions that are later found to be illegal]; in such cases those officials . . . who act in ways they reasonably believe to be lawful, should not be held personally

10

liable." Anderson v. Creighton, 483 U.S. 635, 641 (1987). Thus, the main "concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." See Saucier v. Katz, 533 U.S. 194, 205 (2001). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." Id. at 202 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Moreover, Courts within the Second Circuit have consistently stated the importance of deciding summary judgment motions on qualified immunity grounds. See White v. Fischer, 2010 U.S. Dist. LEXIS 15492, at *3 & n. 5, 11 (N.D.N.Y. Jan. 25, 2012) (staying discovery, pending resolution of public officials' qualified immunity motion); Burns v. Citarella, 443 F. Supp. 2d 464, 468-69 (S.D.N.Y. 2006) ("Granting plaintiff discovery about defendants' version of events before deciding [a public officials' qualified immunity] motion is not consistent with the goal of [early resolution of the qualified immunity defense].").

## A. Defendants Celona and Alartosky Are Entitled to Qualified Immunity With Respect To Plaintiff's False Arrest and Malicious Prosecution Claims.

An officer is entitled to qualified immunity for a false arrest claim in the absence of probable cause if the officer can establish there was "arguable probable cause" to arrest. Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). Similarly, because the existence of probable cause is a defense to a malicious prosecution, an officer is entitled to qualified immunity on a malicious prosecution claim if there was at least arguable probable cause. See Crowder v. Valley Police Dep't, 05 Civ. 8429 (CM)(LMS), 2006 U.S. Dist. LEXIS 117850 *14, 2006 WL 8462064 (S.D.N.Y. May 18, 2006) ("If a police officer possessed of the same knowledge as Scorziello could have concluded that there was probable cause to charge the plaintiff with an offense, then he is entitled to qualified immunity and dismissal of the malicious prosecution charge."). Thus, a police officer "is entitled to qualified immunity if either (1) it was objectively reasonable for the

officer to believe that probable cause existed, or (2) officers of reasonable competence could disagree on whether the probable cause test was met." Walczyk v. Rio, 496 F.3d 139, 163 (2d Cir. 2007). For qualified immunity purposes, in deciding whether an officer's conduct was "objectively reasonable," the Court must examine the information possessed by the officer at the time of the arrest, but "[courts] do not consider the subjective intent, motives, or beliefs" of the officer. Connecticut ex rel. Blumenthal v. Crotty, 346 F.3d 84, 106 (2d Cir. 2003).

Here, there was at least arguable probable cause for Plaintiff's arrest and prosecution, if not complete probable cause, because the arrest and prosecution of Plaintiff was predicated on (1) Corpuz stating that Plaintiff, an Asian male, as the male who was driving her car, (2) the Complaining Victim describing the driver of the vehicle as an Asian male, and (3) the Complaining victim positively identifying Plaintiff in a photo array of six possible suspects, all Asian males. (See 56.1, at ¶¶ 2, 5, 13, 17.) Accordingly, Defendants Celona and Alartosky are entitled to qualified immunity with respect to Plaintiff's false arrest and malicious prosecution claims.

**B.    Defendants Celona and Alartosky Are Entitled to Qualified Immunity With Respect To Plaintiff's Denial of of a Right to Fair Trial Claim.**

Similarly, defendants are protected by qualified immunity against plaintiff's fair trial claim. Qualified immunity shields an officer from money damages unless a plaintiff can show that the officer violated a right that was "'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U. S. 731, 742 (2011). An officer "violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'" Id. (citing Anderson v. Creighton, 485 U.S. 635, 640 (1987). "Existing precedent must have placed the statutory of constitutional question beyond debate." Id.

Defendants Celona and Alartosky are entitled to qualified immunity because, at the time of the alleged incident, there was no Second Circuit or Supreme Court precedent that would have put them on notice that compiling a photo array in which the suspect's photo has a lighter background than the fillers' photos is unconstitutional when all of the individuals depicted in the photographs are approximately the same age, gender and race.  Furthermore, even if it was clearly established, it would be objectively reasonable for them to believe that such an identification procedure, with no police coercion or suggestion, could lead to a lawful arrest. Indeed, it cannot be said that out of the wide range of officers who enforce the laws in this country all would believe that the photo identification procedure in this case violates a clearly established right.  Thus, defendants Celona and Alartosky are entitled to qualified immunity on plaintiff's fair trial claim.[3]

---

[3] Defendants reserve the right to raise any additional qualified immunity arguments at any point.

## CONCLUSION

For the foregoing reasons, stated herein, Defendants Celona and Alartosky respectfully request that the Court grant their motion for summary judgment pursuant to Fed. R. Civ. P. 56, together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated:       September 20, 2021
             New York, New York

                                    GEORGIA M. PESTANA
                                    Corporation Counsel of the City of New York
                                    *Attorney for Defendants Celona and Alartosky*
                                    100 Church Street
                                    New York, New York 10007


                              By:   *Bilal Haider* /s
                                    Bilal Haider
                                    Senior Counsel
                                    Special Federal Litigation Division
                                    (212) 356-3549
                                    bhaider@law.nyc.gov


CC:   **VIA FIRST-CLASS MAIL & E-MAIL**
      Fred Lichtmacher
      *Attorney for Plaintiff*
      116 West 23rd Street, Floor 5
      New York, New York 10011
      212-922-9066
      Fax: 212-922-9077
      Email: empirestatt@aol.com

      Steven M. Warshawsky
      *Attorney for Defendant Briana Corpuz*
      Law Firm of Steven M. Warshawsky
      100 South Bedford Road, Suite 340
      Mount Kisco, New York 10549
      914-514-2329
      Email: smw@warshawskylawfirm.com

14